UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,




07 CV _____

COMPLAINT



                                  Plaintiffs,

      -against-

E&S CONSTRUCTION CORP.,

                                  Defendant.
-------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and E&S Construction Corp. ("Employer").

### JURISDICTION

2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant E&S Construction Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 92 India Street, Brooklyn, NY 11222.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29

2

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, E&S Construction Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated April 2, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that E&S Construction Corp. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of February 23, 2006 through April 2, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that E&S Construction Corp. was required to pay the

3

funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.  The defendant, E&S Construction Corp. has paid $2,350.00 pursuant to the award but failed to abide by the remaining obligations of the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.  For an order confirming the arbitration award in all respects;

2.  For entry of judgment in favor of the Plaintiffs ordering E&S Construction Corp. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period February 23, 2006 through April 2, 2007.

3.  For attorneys' fees and costs of this action;

4.  For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        June 1, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

Case 1:07-cv-04646-JGK    Document 1    Filed 06/01/2007    Page 5 of 10

**OFFICE OF THE IMPARTIAL ARBITRATOR**
------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,      OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council          AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,            AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees
                          (Funds)

       -and-

E&S Construction Corp.
                        (Employer)
------------------------------------------X
BEFORE: Robert Herzog, Esq.

     E&S Construction Corp. (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, are parties to Collective Bargaining Agreements, dated July 01, 2001 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter

1

collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by a January 17, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of February 23, 2006 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. Notices of Hearing dated January 22, 2007 and February 17, 2007 advised the Employer and the Funds that arbitration hearings were scheduled for February 13, 2007 and March 28, 2007 respectively.

On February 13, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds and Stanislaus Bizio, President of E&S Construction Corp., appeared on behalf of the Employer. At the February 13, 2007 hearing, the Employer's President requested an adjournment to enable the Employer to locate records within the next two weeks, i.e. by February 27, 2007. The adjournment was granted.

The Notice of Hearing for the March 28, 2007 hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that

notice of certified mail was left with the Employer on February 21, 2007 at 8:19 am. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on March 12, 2007. The Employer is deemed to have received the Notice of Hearing for the March 28, 2007 hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On March 28, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the March 28, 2007 proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the March 28, 2007 proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeding, begun on February 13, 2007, proceeded on March 28, 2007. Full opportunity was afforded the parties to be heard, to offer evidence, and to examine witnesses.

The uncontroverted testimony and evidence established that:

- During the February 23, 2006 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of

3

all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.
- Contrary to the Employer's February 13, 2007 arbitration hearing representation, no records were provided by the Employer to the Funds during the two week period expiring on February 27, 2007.

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. E&S Construction Corp. is in violation of the terms of the Collective Bargaining Agreements;
2. E&S Construction Corp. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of February 23, 2006 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

4

3. E&S Construction Corp. shall pay to the Funds forthwith the Funds' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

|  |  |
|---|---|
| Court Costs | $  350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. E&S Construction Corp. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

_____
Robert Herzog
Arbitrator

Dated: April 2, 2007

State of New York )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Robert Herzog
Arbitrator

Dated: April 2, 2007

To: E&S Construction Corp.
    Attn: Mr. Stanislaus Bizio, President
    92 India Street
    Brooklyn, New York 11222

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014

5