**OFFICE OF THE IMPARTIAL ARBITRATOR**
-----------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,      OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council        AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,          AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees
                         (Funds)

    -and-

E&S Construction Corp.
                      (Employer)
-----------------------------------------X
BEFORE:  Robert Herzog, Esq.


      E&S Construction Corp. (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, are parties to Collective Bargaining Agreements, dated July 01, 2001 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter

1

collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by a January 17, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of February 23, 2006 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. Notices of Hearing dated January 22, 2007 and February 17, 2007 advised the Employer and the Funds that arbitration hearings were scheduled for February 13, 2007 and March 28, 2007 respectively.

On February 13, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds and Stanislaus Bizio, President of E&S Construction Corp., appeared on behalf of the Employer. At the February 13, 2007 hearing, the Employer's President requested an adjournment to enable the Employer to locate records within the next two weeks, i.e. by February 27, 2007. The adjournment was granted.

The Notice of Hearing for the March 28, 2007 hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that

notice of certified mail was left with the Employer on February 21, 2007 at 8:19 am.  The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on March 12, 2007.  The Employer is deemed to have received the Notice of Hearing for the March 28, 2007 hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On March 28, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds.  Despite the Employer having been sent notice of the March 28, 2007 proceeding and the claim against it, no appearance on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the March 28, 2007 proceeding, as required by the Collective Bargaining Agreements, was presented.  The arbitration proceeding, begun on February 13, 2007, proceeded on March 28, 2007.  Full opportunity was afforded the parties to be heard, to offer evidence, and to examine witnesses.

The uncontroverted testimony and evidence established that:
- During the February 23, 2006 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of

all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

- Contrary to the Employer's February 13, 2007 arbitration hearing representation, no records were provided by the Employer to the Funds during the two week period expiring on February 27, 2007.

### AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. E&S Construction Corp. is in violation of the terms of the Collective Bargaining Agreements;

2. E&S Construction Corp. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of February 23, 2006 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

4

3. E&S Construction Corp. shall pay to the Funds forthwith the Funds' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

|  |  |
|---|---|
| Court Costs | $ 350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. E&S Construction Corp. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

_____
Robert Herzog
Arbitrator

Dated: April 2, 2007

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Robert Herzog
Arbitrator

Dated: April 2, 2007

To: E&S Construction Corp.
    Attn: Mr. Stanislaus Bizio, President
    92 India Street
    Brooklyn, New York 11222

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014